UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANNON E. PAYNTER,<br><br>Defendant. | Case No. 1:19-cr-00178-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Shannon E. Paynter's pro se Motion for Early Termination of Supervised Release (Dkt. 40). The Government opposes the motion (Dkt. 41). The Court finds that the parties have adequately identified and briefed the relevant issues and that a hearing is not necessary. For the reasons that follow, the Court will deny the Motion.

## BACKGROUND

On June 18, 2020, Ms. Paynter pled guilty to one count of Possession with Intent to Distribute Tramadol in violation of 21 U.S.C. § 841. *PSR*, dkt. 27. Based on her guilty plea, Paynter was sentenced to three years of supervised release on September 28, 2020. *Judgment*, dkt. 36.

**MEMORANDUM DECISION AND ORDER - 1**

Paynter now requests this Court to terminate her supervised release after serving eighteen months of her thirty-six-month sentence. Paynter argues that early termination is warranted for the following reasons:

1) she has paid all her court fees;

2) she has not missed or failed a urinalysis;

3) She has zero term violations;

4) She has completed at least 300 hours of community service at the Idaho Food Bank and the American Red Cross of Idaho;

5) She has done well in school at the College of Western Idaho and plans to enroll in a bachelor's program at Boise State University; and

6) She is self-employed and takes care of her five-year-old son on her own.

*Def.'s Mot.*, dkt. 40.

The Government opposes Paynter's Motion arguing that mere compliance with the terms of supervised release is insufficient justification for early termination. With that, the Government points out, the only justification beyond mere compliance with the terms of release is her performance in school and caring for her son. As such, the Government requests the Court to continue Paynter on supervised release because it has been an effective tool to keep her on track and to prevent recidivism.

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

This Court has the discretion to terminate a term of supervised release after the expiration of one year if, after considering the factors listed in 18 U.S.C. § 3553(a), the Court concludes that early termination is warranted by the defendant's conduct and the interest of justice. 18 U.S.C. § 3564(c). The factors to be considered are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; (3) deterrence; (4) protection of the public; (5) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (6) the kinds of sentences available; (7) the sentence and sentencing range established for the category of defendant; (8) any pertinent policy statement by the Sentencing Commission; (9) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (10) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(3), (a)(4), (a)(5), (a)(6), and (a)(7).

## ANALYSIS

After considering the relevant section 3553(a) factors, the Court agrees with

MEMORANDUM DECISION AND ORDER - 3

the Government that early release is not justified at this time. Paynter's achievements in school and desire to obtain a bachelor's degree are laudable. The Court recognizes that minor inconvenience may be placed upon her while she is pursuing her education, but her high level of success thus far indicate that whatever inconveniences arise, Paynter can and has navigated them without issue. Furthermore, Paynter taking care of her son by herself is commendable. However, the Court agrees with the Government that Paynter was taking care of her son by herself prior to and throughout her recent criminal sentence. Thus, caring for her son is not the type of circumstance that would justify terminating release.

      The Court relies heavily on the following Section 3553(a) factors in making its decision herein: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; and (3) deterrence. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(B). Paynter had been convicted of similar conduct in 2016 and served a State Sentence of 10 days in jail and probation. Paynter was still serving out her state probation sentence when she was charged and pled guilty to the offense conduct at bar. Thirty-six months of supervised release is a sufficient sentence that is not greater than necessary to ensure deterrence and to take into account

**MEMORANDUM DECISION AND ORDER - 4**

Paynter's prior criminal conviction for the same conduct she was convicted of in this case.

The Court in no way intends to minimize the time and energy that Paynter has put in to her academic and private life. Rather, it commends her for it. But, for the foregoing reasons, and in light of her previous criminal conduct, the Court does not find that her accomplishments or the interests of justice warrant early termination at this time.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Early Termination of Supervised Release (Dkt. 40) is **DENIED**.



DATED: May 16, 2022

B. Lynn Winmill
U.S. District Court Judge