UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANNON PAYNTER,<br><br>Defendant. | Case No. 1:19-cr-00178-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Shannon's Paynter's motion to seal (Dkt. 44). For the reasons explained below, the Court will deny the motion.

Ms. Paynter was indicted in 2019 for Possession with Intent to Distribute Tramadol in violation of 21 U.S.C. § 841. Dkt. 1. She was ultimately sentenced to three years of probation, which she completed in September 2023. Dkt. 36. Ms. Paynter now seeks to seal her entire case. She explains that she recently ran a background check on herself and was able to see information regarding her case. Dkt. 44. Ms. Paynter argues that sealing this case is appropriate for her "protection, safety, and security." *Id.*

Well established principles of common law and the First Amendment protect

the public's right of access to judicial proceedings. The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978). This right, however, is not absolute. *Times Mirror co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

There is a strong presumption in favor of public access to judicial records that are not "traditionally kept secret." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1179. Ms. Paynter has not met this high bar. Her sole argument is that the Court seal her case in its entirety for her "protection, safety, and security." *Motion*, Dkt. 44. This brief statement is insufficient to demonstrate any "compelling reason[ ] supported by specific factual findings" that sealing her entire case is required. Accordingly, Ms. Paynter's motion is denied.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Seal (Dkt. 44) is **DENIED.**

DATED: October 18, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**